City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

ANDREWS, Respondent, v. COHEN, Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1914.) Action by James E. Andrews against George Cohen. No opinion. Motion for reargument (163 App. Div. 580, 148 N. Y. Supp. 1028) denied, with $10 costs. Motion to resettle order denied, without costs. See, also, 149 N. Y. Supp. 1069.

ANTHONY, Appellant, v. KOEHLER et al., Respondents. (Supreme Court, Appellate Division, First Department. November 27, 1914.) Action by Harold E. Anthony against Max Koehler and others. H. N. Selvage, of New York City, for appellant. C. J. Earley, of New York City, for respondents. No opinion. Order reversed, with costs, verdict reinstated, and judgment directed for plaintiff on the verdict; with costs. Settle order on notice.

A. SCHWOERER & SONS, Respondents, v. ROSS, Appellant. (Supreme Court, Appellate Division, First Department. December 24, 1914.) Action by A. Schwoerer & Sons against Sylvester Ross, Jr. H. A. Ingraham, of Brooklyn, for appellant. P. Cohen, of New York City, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 154 App. Div. 937, 139 N. Y. Supp. 1115.

ASTLETT et al., Respondents, v. SANCHEZ, Sheriff, Appellant. (Supreme Court, Appellate Division, First Department. December 24, 1914.) Action by Harry A. Astlett and others against Ponciano Sanchez, Sheriff of the County of New York. A. S. Gilbert, of New York City, for appellant. H. O. Pierson, of New York City, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

ATLANTA MACH. WORKS, Appellant, v. FELTHOUSEN, Respondent. (Supreme Court, Appellate Division, Fourth Department. December 2, 1914.) Action by the Atlanta Machine Works against Edward G. Felthousen. No opinion. Motion to dismiss appeal denied, without costs. See, also, 157 App. Div. 903, 142 N. Y. Supp. 1107.

A. & M. ROBBINS, Inc., v. HILL et al. (Supreme Court, Appellate Division, Second Department. December 18, 1914.) Action by A. & M. Robbins, Incorporated, against John Hill and others.

PER CURIAM. Judgment (81 Misc. Rep. 441, 142 N. Y. Supp. 637) affirmed, with costs. See, also, 155 App. Div. 916, 140 N. Y. Supp. 1109.

CARR, J., not voting.

BACH, Appellant, v. WESTERN TRANSIT CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. November 25, 1914.) Action by Alexander Bach against the Western Transit Company.

PER CURIAM. Judgment affirmed, with costs. Held, that the plaintiff's right of compensation is furnished by the maritime law only, and therefore all remedies under the state law are excluded.

BACHARACH v. AMERICAN UNION REALTY CO. (Supreme Court, Appellate Division, First Department. December 11, 1914.) Action by Sam Bacharach against the American Union Realty Company. No opinion. Motion denied, with $10 costs. Order filed. See, also, 163 App. Div. 940, 148 N. Y. Supp. 1104.

BACHMAN et al., Appellants, v. PENDLETON, Respondent. (Supreme Court, Appellate Division, Second Department. December 11, 1914.) Action by Frank H. Bachman and others against Adelaide Elizabeth Pendleton, as administratrix, etc.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion denied, unless within 10 days defendant stipulate, as a condition of granting the amendment, that she will at the trial file a written waiver of the provisions of section 829 of the Code of Civil Procedure, so that the plaintiffs, or either of them, shall be permitted to testify in like manner as if Nathaniel G. Pendleton were then living, and, if defendant so stipulate, then the order is affirmed, without costs.

JENKS, P. J., takes no part.

BACON v. BACON. (Supreme Court, Appellate Division, First Department. December 11, 1914.) Action by Dora E. Bacon against Samuel M. Bacon. No opinion. Motion granted, with $10 costs. Order filed.

BAKER et al., Appellants, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. November 11, 1914.) Action by Charles G. Baker and others, as administrators, etc., of the estate of Lucy R. Baker, deceased, against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

BALKE, Respondent, v. OTIS ELEVATOR CO., Appellant. (Supreme Court, Appellate Division, First Department. December 24, 1914.) Action by Joseph A. Balke against the Otis Elevator Company. B. L. Pettigrew, of New York City, for appellant. A. Steckler, of New York City, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

In re BALL. (Supreme Court, Appellate Division, Second Department. November 20, 1914.) In the matter of the accounting of John Oscar Ball, as trustee under the last will and testament of Mary Caulfield, deceased, as to the trusts for John A. Caulfield, for Thomas J. Caulfield, and for Annie M. Caulfield.

PER CURIAM. The decrees of the Surrogate's Court of Kings County are affirmed, with

costs. We are constrained to hold that the stipulation, which shows that the appellant has recovered and returned to the estate the amount of the second mortgage investments, cannot be considered upon this appeal, because it appears that such recovery and restoration occurred after the accounting and after the decrees of the surrogate were entered. See, also, 161 App. Div. 946, 146 N. Y. Supp. 1083.

**BALTIMORE DAIRY LUNCH CO.**, Appellant, v. **BELMORE LUNCH CO.** et al., Respondents. (Supreme Court, Appellate Division, First Department. December 18, 1914.) Action by the Baltimore Dairy Lunch Company against the Belmore Lunch Company and others. J. M. Gazzam, of New York City, for appellant. A. Lipton, of New York City, for respondents. No opinion. Judgment and order affirmed, with costs. Order filed.

**BANK OF METROPOLIS**, Respondent, v. McLEISH, Appellant. (Supreme Court, Appellate Division, First Department. December 24, 1914.) Action by the Bank of the Metropolis against George McLeish. S. Fleischman, of New York City, for appellant. J. Delahunty, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

**BARBER ASPHALT PAVING CO.** v. **GRIFFIN ROOFING CO.** (Supreme Court, Appellate Term, First Department. December 17, 1914.) Appeal from City Court of New York, Special Term. Action by the Barber Asphalt Paving Company against the Griffin Roofing Company. From an order denying its motion for a new trial after judgment had been directed against it on a trial before court and jury, defendant appeals. Affirmed. Anthony J. Griffin, of New York City (H. Louis Jacobson, of New York City, of counsel), for appellant. Edward J. Dowling, of New York City (Jacob J. Alexander, of New York City, of counsel), for respondent.

WHITAKER, J. The plaintiff is a foreign corporation duly authorized to transact business in the state of New York. Defendant is a domestic corporation with its main office in Manhattan, New York City. On September 20, 1907, defendant was indebted to plaintiff in the sum of $769.61 for goods sold and delivered. In October, 1907, the Rhode Island Contract Engineering Company (a Rhode Island corporation) was indebted to the defendant in the sum of $619.61. In the month of October, 1907, the plaintiff instituted a suit against this defendant in the superior court of Rhode Island, which is a court of general jurisdiction, to collect the sum of $769.61, and in that suit attached the sum of $619.61, which was owing by the Rhode Island Contract Engineering Company to defendant. Defendant had notice of this suit and attachment, and on November 9, 1907, in order to facilitate the plaintiff in collecting said sum of $619.61 from the Rhode Island Contract Engineering Company, drew its draft on said company for said amount in favor of the plaintiff and delivered it to plaintiff, and at about the same time paid to it the balance of said sum owing to it by defendant, to wit, the sum of $43.57. On the 24th day of February, 1908, the defendant voluntarily appeared in the suit brought by the plaintiff against it in Rhode Island, and consented to the entry of judgment against it for said sum of $619.61, without costs; and $175 of this amount was paid to plaintiff by said Rhode Island Contract Engineering Company. It is upon this judgment that the present action is brought. The complaint also contains a second separate cause of action for goods sold and delivered, which goods were those for which the action was brought in Rhode Island. The balance claimed by the plaintiff is the sum of $440.16. Defendant bases its defense upon the ground that there was a distinct understanding between plaintiff and defendant that the judgment should not be used against the defendant in this state; that the draft given to plaintiff on the Rhode Island Contract Engineering Company above mentioned, was in payment of the claim of plaintiff against defendant; and, as to the second cause of action, defendant sets up the statute of frauds. Defendant also claims error by the court in refusing to let defendant go to the jury on the question as to whether the draft on the Rhode Island Contract Engineering Company was given by defendant and accepted by plaintiff in full payment of plaintiff's claim against defendant; also that the judgment in Rhode Island, having been given for a special purpose and by confession, could not be sued upon in this state; that the court also erred in the exclusion of testimony. Taking the evidence and the inconsistent allegations in the answer together with the claim that the draft was given and accepted in payment, it was not sufficiently established to warrant an affirmative verdict of the jury. The attempt to establish such a fact would be contradicting the judgment, which was recovered subsequent to the time the draft was given. There is no legal force in the claim that the judgment could not be sued upon in this state, because of the alleged prior agreement or understanding. In the absence of fraud, the judgment is conclusive. Greene v. Hallenbeck, 32 Hun, 469; Dunston v. Higgins, 138 N. Y. 70, 33 N. E. 729, 20 L. R. A. 668, 34 Am. St. Rep. 431; Schwabe v. Herzog, 161 App. Div. 712, 146 N. Y. Supp. 644. The negotiations for this confession of judgment were made through defendant's counsel. He was presumably informed of the elementary rule laid down in the cases above cited as to the conclusiveness of judgments. There is no evidence to support the defense of the statute of frauds, or to defeat the second cause of action. Had the court admitted the testimony, which defendant claims it was error to exclude, the result would probably have been the same. The case discloses that defendant has received merchandise, for which it has not fully paid; that the proceedings in the state of Rhode Island, instituted by plaintiff against the Rhode Island Contract Engineering Company, were for the equal benefit of the defendant and plaintiff; that defendant consented thereto, and virtually